O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9096 AHM (JCx) | Date | February 22, 2010 |
|---|---|---|---|
| Title | NIRMAL SINGH, *et al.* v. ALLSTATE HOME LOANS, INC.., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

In this action originally filed in Los Angeles County Superior Court and subsequently removed to this Court, Plaintiffs Nirmal Singh and Kulumandiri M. Shukla have alleged six causes of action against Defendants Allstate Home Loans, Inc., dba Allstate Funding; Executive Trustee Services, LLC, dba ETS Services, LLC ("ETS"); Bank of America; GMAC Mortgage, LLC ("GMAC") (erroneously sued as GMAC (General Motors Acceptance Corporation) Mortgage); BAC Home Loan Servicing LP; and Mortgage Electronic Regristration [sic] Systems arising out of a mortgage transaction that was closed on May 12, 2006.  Complaint ¶ 28, 40.  Plaintiffs' Complaint alleges one cause of action under federal law—for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*—and mentions violations of one other federal statute—the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*  All remaining claims are brought under state law.  Defendants GMAC and ETS have moved to dismiss all claims pursuant to Rule 12(b)(6).

Plaintiffs have failed to oppose the motion to dismiss.  "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  Local Rule 7–12.  In addition, the motion appears meritorious on its face, at least as to the federal claims.  Accordingly, for the following reasons, the Court GRANTS Defendants' motion to dismiss[1] as to the federal claims and *sua sponte* REMANDS the case to the Superior Court for the County of Los Angeles.

---

[1]Docket No. 13.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9096 AHM (JCx) | Date | February 22, 2010 |
|---|---|---|---|
| Title | NIRMAL SINGH, *et al.* v. ALLSTATE HOME LOANS, INC.., *et al.* | | |

    Plaintiffs' claims under TILA and RESPA are time-barred.  The mortgage transaction at issue closed on May 12, 2006.  Complaint ¶ 28, 40.  Plaintiffs did not file their Complaint until November 10, 2009—nearly three and a half years after the transaction in question.  Notice of Removal ("NOR") ¶ 1.  The statute of limitations for damages under TILA is one year.  15 U.S.C. § 1640(e).  The statute of limitations for rescission under TILA is three years.  RESPA has a one-year statute of limitations for violations of 12 U.S.C. §§ 2607 & 2608 and a three-year statute of limitations for violations of 12 U.S.C. § 2605.  12 U.S.C. § 2614.  Plaintiffs have alleged no facts that would justify equitably tolling the statutes of limitations.  Thus, Plaintiffs' claim under TILA, Complaint ¶¶ 80-85, and possible claim under RESPA, Complaint ¶ 42, are time-barred and are dismissed with prejudice.

    All of the remaining claims are pendent state law claims.  The original basis for subject matter jurisdiction has been destroyed.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state law claims and *sua sponte* dismisses the remaining claims and remands them to Los Angeles County Superior Court.

    No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
|  | Initials of Preparer | SMO |

**JS-6**